**UNITED STATES of America,**
**Plaintiff,**

v.

**Tarrell D. POSTELL, Defendant.**

**Case No. 3:12–PO–88.**

United States District Court,
S.D. Ohio,
Western Division,
at Dayton.

Dec. 5, 2012.

Julienne McCammon, Wright–Patterson AFB, for Plaintiff.

F. Arthur Mullins, Federal Public Defender, Dayton, OH, for Defendant.

**ORDER REGARDING SENTENCING**

MICHAEL J. NEWMAN, United States Magistrate Judge.

In this petty offense case, the Government objected to the U.S. Probation Department's Presentence Investigation Report ("PSI"), requesting the Court to impose the following term as a condition of Defendant's probation: "Defendant is subject to a warrantless search condition, as to Defendant's person, property, premises and vehicle, anytime of the day or night, with or without probable cause or reasonable suspicion, by any peace,

parole, or probation officer." Although there appears to be no constitutional barrier to the Government's request, *see, e.g., Griffin v. Wisconsin,* 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987); *United States v. Knights,* 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001), the Court nevertheless finds the search condition is unwarranted for the following reasons. First, the Court agrees with Magistrate Judge Merz's recent decision in *United States v. Stargell,* No. 3:12–po–66, 2012 WL 8499818, 2012 U.S. Dist. LEXIS 164866 (S.D.Ohio Nov. 19, 2012). As in *Stargell,* the requested search condition is not reasonably necessary to prevent Defendant from repeating the offense of which he was convicted—driving without a valid license. *See id.* at *4–5. Second, to the extent the requested search condition authorizes probation officers to conduct warrantless searches, the Court is concerned with the U.S. Probation Department's advisement to the Court that there are no trained personnel available to do such searches. Third, no other Magistrate Judge in the Southern District of Ohio has authorized such a condition of probation. Finally, the Court recognizes there is a risk of abuse when there are absolutely no limitations on law enforcement in searching a defendant's person, property, premises or vehicle, day or night, without any pretext. For those reasons, and for the reasons articulated by Magistrate Judge Merz in his recent opinion in *Stargell, see supra,* the Government's Objection No. 1 to the PSI is **OVERRULED.**

The Clerk of Courts shall provide a copy of this Order to the U.S. Probation Department.

**IT IS SO ORDERED.**